OPINION
{¶ 1} In January of 2001, appellant, the Tuscarawas County Child Support Enforcement Agency, sought to establish an order of child support for Devin McCamant, born December 4, 1997. Mother of the child is Patricia Norman; father is appellee, David McCamant, Jr., via an acknowledgment of paternity. At this time, the child was in the legal custody of his paternal grandmother, Marcella Sears.
 {¶ 2} An administrative hearing was held on August 27, 2002. The hearing officer found appellee was paying court ordered child support for two other children. Although appellee's child support obligation for these two children amounted to $280.19 per month, or $3,362.28 annually, the hearing officer found appellee had paid nothing in the prior twelve months. By decision dated September 25, 2002, the hearing officer entered a zero deduction on line 9 of the child support worksheet and ordered appellee to pay child support in the amount of $637.39 per month for all three children, effective September 1, 2002.
 {¶ 3} Appellee objected to the decision and the matter was heard before a magistrate in the Court of Common Pleas of Tuscarawas County, Juvenile Division, on December 11, 2002. By decision filed February 10, 2003, the magistrate limited his review to Devin McCamant only. The magistrate recommended a line 9 deduction of $3,362.00, reflecting the amount appellee had been ordered to pay annually for his two other children. As a result, appellee's support obligation for Devin was set at $200.79 per month. Appellant filed an objection to the magistrate's decision. By judgment entry filed May 21, 2003, the trial court overruled the objection and approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The sole assignment of error to be reviewed is whether the trial court erred in determining that appellee David McCamant should receive a deduction on line 9 of the child support worksheet set forth in O.R.C. 3119.022 in the amount of $3362.00 representing the amount of annual support appellee is ordered to pay for two other children when appellee actually paid $0.00 support annually for his other two children, when the plain language of the statute mandates a deduction for the amount of annual court-ordered support paid for other children."
 I {¶ 6} Appellant claims the trial court erred in entering a deduction on line 9 of the child support worksheet in an amount equivalent to appellee's annual child support obligation for two other children, even though he paid nothing on the obligation. We agree.
 {¶ 7} Issues regarding child support are within the trial court's sound discretion. Booth v. Booth (1989),44 Ohio St.3d 142. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, issues of statutory construction are reviewed de novo by appellate courts. Yommer v. Outdoor Enterprises, Inc. (1998),126 Ohio App.3d 738, 740, citing State v. Wemer (1996),112 Ohio App.3d 100.
 {¶ 8} In calculating child support, R.C. 3119.022 mandates that a court or agency "shall use a worksheet." See, Cutlip v.Cutlip, Richland App. No. 02CA32, 2002-Ohio-5872. Line 9 of the worksheet set forth in said statute provides for an adjustment to either party's income for "[a]nnual court-ordered support paid for other children." In the case sub judice, the trial court essentially rejected what it referred to as the "twelve month look-back" approach utilized by appellant; i.e., the agency's credit of only those amounts actually paid by the obligor in the past twelve months. The magistrate found the wording of line 9 to be ambiguous, leading to the following conclusion: "The wording [of line 9] must be taken in pari materia with the entire concept of the worksheet which is to assess current child support-paying capacity. The word `paid,' it is concluded, is the drafter's shorthand way of describing money that is to be paid
pursuant to a separate court order for other dependents." (Emphasis in original.) See, Magistrate's February 10, 2003 Decision at 11.
 {¶ 9} Generally, "* * * we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result." State v. Virasayachack (2000),138 Ohio App.3d 570, 574. Upon review, we find error in the trial court's conclusion that line 9 is ambiguous. If the terms of a statute are "clear and unambiguous, there is no need for statutory construction; we must simply apply the statute."Statev. Fuqua, Hardin App. No. 6-02-01, 2002-Ohio-4697, at ¶ 16, citing State ex rel. Jones v. Conrad (2001), 92 Ohio St.3d 389,392. Moreover, we cannot conceive that the General Assembly, in light of its recent efforts to institute a cohesive child support enforcement system in Ohio, would have intended for non-paying obligors to receive the same worksheet income credit as parents who pay their court-ordered child support. While some situations might arise in which ordering the guideline amount would be found unjust by a trial court, we maintain such situations are better addressed via a worksheet line 24 deviation, with the concomitant findings of fact per R.C. 3119.022.
 {¶ 10} Accordingly, the sole assignment of error is granted.
 {¶ 11} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby reversed and remanded.
Hoffman, P.J. and Wise, J., concur.