DECISION AND JUDGMENT ENTRY
{¶ 1} In this divorce action, Joseph D. Albright appeals the child support calculation and award of spousal support. He contends that the trial court abused its discretion by failing to consider the spousal support it awarded his former wife and the amount of parenting time he spends with the children when performing the child support calculation. Because Mr. Albright had not actually paid any spousal support at the time the court completed the child support worksheet, the trial court properly applied R.C. 3119.05(B) and R.C. 3119.022 by not listing the ordered support as an income adjustment. And, the court did not abuse its discretion by refusing to deviate from the child support worksheet calculation based on "extended parenting time." First, Mr. Albright was granted *Page 2 
only standard visitation with the children and second, he failed to introduce any evidence that the guidelines do not consider visitation time in establishing support payments.
 {¶ 2} Mr. Albright also argues that the court should have found Lisa M. Albright voluntarily underemployed, attributed additional income to her for child support calculation purposes, and rejected her request for spousal support, because she works part-time. Ms. Albright earns more annually working part-time than she would working full-time at minimum wage and there is no evidence that she could earn more than minimum wage through full-time employment. Therefore, the court did not abuse its discretion when it refused to conclude that she was voluntarily underemployed and declined to attribute additional income to her. Nor did it err in awarding her spousal support simply because she was working only part-time. Thus, we affirm the trial court's judgment.
 I. Facts {¶ 3} The parties married in 1991 and have two children together. In September 2005, the parties separated when Mr. Albright moved out of the marital residence and filed a complaint for divorce. Ms. Albright filed an answer and counterclaim for divorce.
 {¶ 4} Following a trial in September 2006, the trial court awarded Ms. Albright a divorce and named her the residential parent and legal custodian of the parties' minor children. The court granted Mr. Albright standard visitation privileges and ordered him to pay $154.39 per week plus poundage in child support. Additionally, the court ordered Mr. Albright to pay Ms. Albright $300.00 per month *Page 3 
in spousal support for a two year period or until Ms. Albright remarried or cohabitated with another male. The court awarded each party the personal property in their possession, equally divided Mr. Albright's retirement account, and ordered Mr. Albright to pay the bulk of the parties' three outstanding debts.
 II. Assignments of Error {¶ 5} Mr. Albright appealed the trial court's judgment and assigns the following errors:
 I. The Trial Court erred in ordering the Plaintiff to pay child support in an amount that does not take into account the amount of alimony that the Plaintiff was ordered to pay the Defendant.
 II. The Trial Court erred in ordering the Plaintiff to pay child support in an amount that does not take into account the extended parenting time that the Plaintiff was granted with the parties' minor children.
 III. The Trial Court erred in ordering the Plaintiff to pay spousal support and child support where the relevant evidence suggests that the Defendant is voluntarily underemployed.
 III. Calculation of Child Support {¶ 6} Generally, courts must use the Ohio Child Support Guidelines in ascertaining the appropriate level of child support. See, generally, R.C. 3119.02 and Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496. See, also, Hurdelbrink v. Hurdelbrink (1989), 45 Ohio App.3d 5,544 N.E.2d 700. However, a court may deviate from these guidelines at its discretion after considering the statutory factors delineated in R.C.3119.23, and after determining that the calculated amount would be unjust or inappropriate and not in the children's best interest. R.C.3119.22; Marker v. Grimm; Carpenter v. Reis (1996), *Page 4 109 Ohio App.3d 499, 504, 672 N.E.2d 702. Absent an abuse of discretion, an appellate court will not disturb the trial court's determination of child support. Pauly v. Pauly, 80 Ohio St.3d 386, 390, 1997-Ohio-105,686 N.E.2d 1108; Hurte v. Hurte, 164 Ohio App.3d 446, 2005-Ohio-5967,842 N.E.2d 1058, at ¶ 24.
 {¶ 7} R.C. 3119.022 governs the procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material aspects because the overriding concern is the best interest of the children for whom the support is being awarded. Marker v. Grimm, supra, at 141-142. If the trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119.03; Marker, supra;Hurte, supra, at ¶ 25. A party who attempts to rebut the basic child support guideline amount has the burden of presenting evidence that proves the calculated amount is unjust, inappropriate, or not in the best interest of the children. Murray v. Murray (1999),128 Ohio App.3d 662, 671, 716 N.E.2d 288. R.C. 3119.23 enumerates the factors a court must consider when deciding whether to deviate from the amount of support that would otherwise result from the use of the schedule.
 A. Credit for Spousal Support {¶ 8} In his first assignment of error, Mr. Albright contends that the trial court miscalculated the amount of child support he owes under R.C.3119.022 because the court failed to give him credit for the $300.00 per month of spousal support it ordered him to pay Ms. Albright. *Page 5 
 {¶ 9} Line 10 of the R.C. 3119.022 child support computation worksheet allows for an income adjustment for any "[a]nnual court-ordered spousal support paid to any spouse or former spouse" and R.C. 3119.05(B) allows for deduction of any "court-ordered spousal support actually paid." Although the court ordered Mr. Albright to begin paying spousal support in the final divorce decree, the court chose not to credit this spousal support award in the child support calculation because he had not already "paid" or "actually paid" that amount as required by the statutes.
 {¶ 10} As we stated in State ex rel. Athens Cty. Child SupportEnforcement Agency v. Patel, Athens App. No. 05CA20, 2006-Ohio-2951, at ¶ 20:
 R.C. 3119.05(B) and line ten of R.C. 3119.022
refers to amounts "paid" or "actually paid" in spousal support. Had the General Assembly only intended for the amount of "court-ordered" support to be deducted, it would have stopped there and not included in the statute the words "paid" or "actually paid." It is axiomatic that statutes mean what they say, State v. McPherson (2001), 142 Ohio App.3d 274, 280, 755 N.E.2d 426; Lucas Cty. Auditor v. Ohio Bur. of Emp. Serv. (1997), 122 Ohio App.3d 237, 246, 701 N.E.2d 703; Woods v. Farmers Ins. of Columbus, Inc. (1995), 106 Ohio App.3d 389, 394, 666 N.E.2d 283, and the statutes at issue here allow for the deduction of spousal support that is paid.
 {¶ 11} Our view is also consistent with the Fifth District Court of Appeals' holding in Tuscarawas Cty. Child Support Enforcement Agency v.McCamant, Tuscarawas App. No. 2003AP060049, 2004-Ohio-443. In interpreting line nine of the R.C. 3119.022 child support worksheet which provides a credit for "[a]nnual court-ordered support paid for other children," that court concluded that *Page 6 
the support must be both court-ordered and actually paid for the deduction to apply.
 {¶ 12} Because Mr. Albright had not yet paid any spousal support when the child support worksheet was completed, the trial court correctly declined to include the ordered spousal support in the calculation. The first assignment of error is overruled.
 B. Extended Parenting Time {¶ 13} Next, Mr. Albright contends that the trial court erred in determining the amount of child support he should pay because the court failed to adjust the worksheet calculation to reflect the percentage of time Mr. Albright spends with his children. He asserts that under the court's standard visitation guidelines he has parenting time every other weekend, for four hours on one weekday per week, half of most holidays, and half of the summer for a total of 28% of the time. Therefore, he claims that his child support obligation should be adjusted to reflect the time he spends with his children.
 {¶ 14} R.C. 3119.23(D) states that the trial court may consider "extended parenting time or extraordinary costs associated with parenting time * * *" when deciding whether to deviate from the calculated amount of child support. However, we find no abuse of discretion in the trial court's failure to grant a child support deviation under R.C. 3119.23(D). The term "extended parenting time" certainly contemplates something more than parenting time during the standard visitation schedule established by the court for all non-custodial parents. See Harris v. Harris, Ashtabula App. No. 2002-A-81, 2003-Ohio-5350, at ¶ 44 (where *Page 7 
visitation schedule did not differ in any meaningful way from standard parenting visitation schedule, trial court erred in deviating from child support guidelines).
 {¶ 15} Moreover, Mr. Albright did not introduce any evidence that the guidelines fail to consider visitation when calculating standard support payments. The court's child support award is not arbitrary, unreasonable or unconscionable. Mr. Albright's second assignment of error is meritless.
 IV. Ms. Albright's Employment {¶ 16} Finally, Mr. Albright asserts that the trial court erred in awarding spousal support to Ms. Albright and calculating the child support based on her income when the evidence demonstrated that Ms. Albright was voluntarily underemployed. Mr. Albright's brief does not cite a single case or statute in support of this assignment of error. A reviewing court may properly disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions. See App.R. 16(A)(7). Meerhoff v. Huntington Mtge. Co.
(1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109; State ex rel. JacksonCty. Dept. of Human Serv. v. Strickland (June 20, 1997), Jackson App. No. 96CA790. However, in the interest of justice we will examine his claims.
 {¶ 17} "* * *[W]hether a parent is voluntarily (i.e. intentionally) unemployed or voluntarily underemployed is a question of fact for the trial court. Absent an abuse of discretion that factual determination will not be disturbed on appeal." Rock v. Cabral (1993),67 Ohio St.3d 108, 112, 616 N.E.2d 218. Because trial courts enjoy broad discretion in awarding spousal support, see Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67, 554 N.E.2d 83, a reviewing court will not reverse a *Page 8 
court's decision awarding spousal support absent an abuse of discretion.Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178.
 {¶ 18} Mr. Albright contends that the evidence presented at trial established that both parties earned high school diplomas and, throughout the marriage, Ms. Albright had almost always maintained full-time employment. However, since the parties' separation, Ms. Albright has been working approximately half-time and collecting child support from Mr. Albright. Based on this evidence, Mr. Albright contends that the court abused its discretion by not finding Ms. Albright voluntarily underemployed, declining to modify the child support calculation to reflect this voluntary underemployment, and by awarding spousal support even though Ms. Albright has chosen to work part-time. We disagree.
 {¶ 19} Ms. Albright testified that she earns her income by cleaning homes and offices on a weekly, bi-weekly, or as-needed basis, depending on the job. She is paid on a per job basis and spends approximately twenty-one hours per week on these jobs. According to Mr. Albright's testimony, Ms. Albright previously worked the equivalent of a full-time job when she cleaned and worked as an assistant in a dental office. However, after Ms. Albright was dismissed from the job at the dental office, she continued the cleaning jobs but did not seek additional employment. Before she held that job, Ms. Albright worked at various places including Tipton's Bakery, McDonalds, Cabletron, and Ames Department Store. The parties apparently agreed that Ms. Albright now earns approximately $12,000 per year through her various cleaning jobs. *Page 9 
 {¶ 20} In calculating the child support, the trial court listed Ms. Albright's gross income from employment as $13,000 per year.[1] As she notes in her brief, if Ms. Albright worked full-time (forty hours per week and fifty-two weeks per year) at the September 2006 minimum wage of $5.15 per hour, she would have earned only $10,712 per year. There is no evidence in the record that Ms. Albright could have earned more than minimum wage at a full-time position or that she refused cleaning jobs in an attempt to work less hours. Therefore, we find that the trial court did not abuse its discretion by declining to find that Ms. Albright was underemployed or by awarding her spousal support simply because she only worked part-time.
 {¶ 21} Mr. Albright's third assignment of error is overruled.
 IV. Conclusion {¶ 22} Having found no merit in any of Mr. Albright's assigned errors, we affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] There is no explanation for the $1,000 difference between the amount the court listed as Ms. Albright's gross income and the evidence presented at trial. However, we do note that it is difficult to discern Ms. Albright's total annual earnings from the trial transcript as there is no direct testimony to the issue. Because Ms. Albright did not cross-appeal the trial court's determination that she earns $13,000 rather than $12,000 per year, we will not concern ourselves with this discrepancy. And, because the court never indicated that it was attributing $1,000 in additional income to Ms. Albright, we do not assume that this discrepancy is based on a finding of underemployment. *Page 1