## No. 188

MASON CANNING CO. v. BRANDENBURG et

Ohio Appeals, 1st Dist., Warren Co.

No. 123. Decided Nov. 8, 1926

1273. WITNESSES—Where testimony of witnesses is in direct conflict, and of such character that only a jury could determine the question, the verdict is in accordance with the view that the jury entertained as to the credibility of witnesses.

First Publication of this Opinion

CUSHING, J.

Robert and Stanley Brandenburg brought an action in the Warren common pleas to recover $243.34 for a breach of contract to grow and deliver to the Mason Canning Co., twenty acres of sweet corn.

The defendant set forth that the Brandenburgs had some conversation with its representative to the effect that they were late in planting and if they did so it would be at their own risk. A judgment was rendered in favor of Brandenburg, et al, although no reply was filed to the answer. The defendants in error cited authorities to the effect that where a reply has not been filed, and the case proceeds to trial, and the jury returns its verdict, without objection until after judgment of the common pleas court, the judgment will not be reversed, on the ground that the answer was not denied by the reply. Lovell v. Wentworth, 39 OS. 614; Woodward v. Sloane, 27 OS. 592.

The Court of Appeals held:

Where the testimony of witnesses offered at the trial is in direct conflict, and is of such character that only a jury, under the law of Ohio, would be authorized to determine the question, the verdict is in accordance with the view that the jury entertained as to the credibility of witnesses, and therefore will not be disturbed.

Judgment affirmed.

(Buchwalter, PJ., and Hamilton, J., concur.)

Attorneys—Eltzroth, Maple & Maple for Company; Shawhan, Brown & Brandon, for Brandenburg; all of Lebanon.

## No. 189

SILBER et v. CATHOLIC SLOVAK UNION

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7710. Decided Nov. 15, 1926

1027. RES ADJUDICATA—When a matter has been finally determined, in an action between the same parties, by competent tribunal, the judgment is conclusive not only as to what was determined, but also as to every other question which might properly have been litigated in the case.

First Publication of this Opinion

SULLIVAN, J.

It appears that prior to 1920, one Michael Zoldak, now deceased, was a member of the First Catholic Slovak Union, and as such was insured for $1000.00. He designated as his beneficiaries, his children, Mary Silber and George Zoldak. In Sept. 1924, in due form, he changed the beneficiaries and made the policy to his daughter Regina Projanowski, as beneficiary. He died March 25, 1925.

By reason of conflicting interests, the Insurance Co. filed a bill of interpleader and after all claims were made, the court gave Regina the $1000. Said cause remained unreversed, unmodified and unvacated and no proceedings in error whatsoever were had. Therefore the judgment remained final.

Subsequently a second suit, the case at bar, was begun to recover on the first policy in favor of Silber et., on the ground that the issue of insanity, at the time of the change in beneficiary, was not raised in the first proceeding; and it is claimed that if such issue were raised, the change in the beneficiary would be null and void. The lower court found in favor of the Insurer and this is a proceeding in error to reverse same. The Court of Appeals held:

1. A party defending is bound to set up all matters which are strictly matters of defense and if he omit to do so, he cannot afterward re-litigate those same matters in a new action. 28 OS. 668.

2. When a matter has been finally determined in an action between the same parties by competent tribunal, the judgment is conclusive not only as to what was determined, but also as to every other question which might properly have been litigated in the case. 82 OS. 121.

Judgment affirmed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—J. W. Kulka; H. R. Hill for Silber et; E. W. Valko for Union; all of Cleveland.