DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Victoria J. Frye, Individually and as Executrix of the Estate of Cecil D. Frye, deceased, appeals the trial court's judgment denying her motion to waive court costs. She asserts that the trial court wrongly ordered her to pay court costs when, following the court's entry of judgment notwithstanding the verdict in defendants' favor, the parties settled the case. She complains that requiring her to pay the court costs would result in her not receiving any of the settlement money. The trial court did not abuse its *Page 2 
discretion by denying appellant's motion and ordering her to pay the court costs. Accordingly, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 I. FACTS {¶ 2} The jury returned a verdict in appellant's favor and awarded $17,151.85. The court later granted defendants' motion for judgment notwithstanding the verdict and entered judgment in their favor. The court assessed court costs to appellant.
 {¶ 3} Appellant appealed the trial court's decision granting defendants' motion for judgment notwithstanding the verdict. During the pendency of the appeal, the parties settled the matter for $22,500.
 {¶ 4} Subsequently, appellant filed a motion to waive court costs.[1] None of the defendants responded to her motion, and none have entered an appearance in this appeal. Instead, the Clerk of Courts entered an appearance in the matter.
 {¶ 5} The court overruled appellant's motion. The court found that although the jury returned a verdict in appellant's favor, the court entered judgment notwithstanding the verdict in the defendants' favor and thus, that they were ultimately the prevailing party. *Page 3 
 {¶ 6} The court considered appellant's argument that imposing court costs on her would cause her an undue financial burden and explained: "While this may or may not be true, what she is asking the Court to do is forgive the cost bill which has been assessed against her and tell the citizens of Gallia County that they must pay it for her. This the Court is not inclined to do."
 {¶ 7} The court further found it unlikely that court costs were not factored into the decision to settle. The court noted that the parties settled for $22,500 and stated: "[I]s it just coincidental that the original jury award of $17,158.85, which was set aside by Defendants' judgment notwithstanding the verdict plus [appellant's] deposit of $550.00 applied toward court costs plus the balance of court costs now due in the amount of $4,797.83 equals $22,506.68[?] Although the Court was not privy to the settlement negotiations between the parties, the Court believes the settlement of $22,500.00 when compared with the above mentioned original jury award plus all court costs for a total of $22,506.68 is more than just coincidental. It appears the settlement in this matter was based on the original jury award plus court costs and as such, it appears [appellant] has already received the court costs from Defendants as a part of the settlement and is now asking the *Page 4 
Court to forgive the payment of same and tell the citizens of this county that they must pay those costs for her."
 {¶ 8} Appellant timely appealed the trial court's judgment.
 II. ASSIGNMENT OF ERROR {¶ 9} Appellant raises the following assignment of error:
 {¶ 10} I. "THE TRIAL COURT ERRED IN ASSESSING COURT COSTS TO APPELLANT."
 III. LEGAL ANALYSIS {¶ 11} In her sole assignment of error, appellant argues that the trial court erred by ordering her to pay the court costs. She asserts that she would have been the prevailing party if she had continued to prosecute her appeal, instead of settling. She also argues that "in the opinion and experience of counsel, the costs sought to be imposed upon Appellant are unprecedented, unauthorized by law, and unconstitutional." She claims that they "are a tax and surcharge on a litigant for bringing a cause of action." Appellant additionally contends that she is being punished because one of the defendants is Holzer Clinic. She asserts that because a defendant is Holzer Clinic, the Clerk "had to take unusual measures, such as calling additional individuals, to obtain a sufficiently large jury pool," which contributed to allegedly larger than normal court costs. Appellant further claims that ordering her to pay the costs would be an undue financial *Page 5 
hardship. Lastly, appellant alleges that ordering her to pay court costs would leave her without any of the settlement funds.
 {¶ 12} Appellant cites no authority in support of her assignment of error. We may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions. See App.R. 16(A)(7); App.R. 12(A)(2); Albright v. Albright, Lawrence App. No. 06CA35, 2007-Ohio-3709, at ¶ 16; Meerhoff v. Huntington Mtge.Co. (1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109. Nonetheless, in the interest of justice we will consider appellant's assignment of error.
 {¶ 13} In sum, Frye contends that the trial court erred in assessing court costs to her. The court assessed those court costs in its July 29, 2005, order granting judgment notwithstanding the verdict in favor of the Defendants. Frye then appealed that order, but later dismissed the appeal after the parties settled the dispute. The trial court believed that the parties contemplated the costs assessed to Frye in the settlement agreement considering the fact that the settlement amount of $22,500 approximately totaled the jury verdict of $17,151.85 plus costs. Even if the settlement did not include costs, the trial court's decision was conclusive absent reversal, modification or vacation by a court, and thus, still binding on the parties. See 63 Ohio Jurisprudence 3d (2008), Judgments, Section 351, citing Silber *Page 6 v. First Catholic Slovak Union (1926), 23 Ohio App. 198; see, also,In re Estate of Dotson, Mahoning App. No. 01-CA-97, 2002-Ohio-6889, at ¶ 13. 
 {¶ 14} Regardless, after dismissing the appeal, she requested that the trial court waive the court costs assessed to her. In other words, Frye moved to vacate the judgment entry taxing costs to her. "Once the time for a direct appeal has run, the only procedure to attack a judgment is pursuant to [Civ.R. 60(B)] * * * governing relief from judgments and orders." 63 Ohio Jurisprudence 3d (2008), Judgments, Section 499. "[T]o prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: 1) a meritorious claim or defense; 2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) timeliness of the motion." Lute v. McCastle, Scioto App. No. 02CA2834, 2003-Ohio-3753, ¶ 20, citing Buckeye Fed. Sav. Loan Assn. v.Guirlinger (1991), 62 Ohio St.3d 312, 314. Under Civ.R. 60(B)(1), trial courts can only "relieve a party from a final judgment based on mistake, inadvertence, surprise or excusable neglect." Id. at ¶ 21. Trial courts "will overrule the motion if the movant does not meet all of these three requirements." Id. at ¶ 20, citing Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351. Absent an abuse of discretion, this court "will not disturb a trial court's decision on a Civ.R. 60(B) motion *Page 7 
for relief from judgment." Id., citing Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
 {¶ 15} Here, the parties settled the matter post-judgment and the settlement apparently contemplated the fact that costs were taxed to Frye. Civ.R. 60(B) is not the proper avenue to rescind a settlement agreement. See 63 Ohio Jurisprudence 3d (2008), Judgments, Section 514. "A party may not use the Rule to circumvent the terms of a settlement agreement simply because, with hindsight, he or she has thought better of the agreement which was entered into voluntarily and deliberately." Id. Thus, the trial court did not abuse its discretion in denying Frye relief from judgment when it determined that the costs assessed to Frye were included in the terms of the settlement agreement.
 {¶ 16} Further, even if the settlement did not contemplate costs, the order assessing costs against Frye remained binding upon the parties absent reversal, modification or vacation. Frye has cited no legal authority in support of her contention that costs against her should be waived in light of the fact that she recovered money in a settlement.
 {¶ 17} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., Kline, J. and McFarland, J.: Concur in Judgment and Opinion.
For the Court,
BY: Judge William H. Harsha, Judge Roger L. Kline, Judge Matthew W. McFarland
[1] No one has raised the procedural propriety of appellant's motion to waive court costs. We therefore do not address it. *Page 1