[Cite as *State v. Miller*, 2012-Ohio-6147.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-25 |
| ANITA JO MILLER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Fairfield Municipal Court  Case No. 2011TRC11881

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      December 26, 2012

APPEARANCES:

For Plaintiff-Appellee

ANDREW MAKOSKI
Assistant Prosecutor
City of Lancaster
121 E. Chestnut St.
Lancaster, OH  43130

For Defendant-Appellant

AARON CONRAD
Conrad Law Office
120 ½ E. Main Street
Lancaster, OH 43130

*Gwin, J.,*

{¶1} Defendant-appellant Anita J. Miller ["Miller"] appeals the March 29, 2012 Judgment Entry of the Fairfield County Municipal Court denying her motion to suppress evidence. Plaintiff-appellee is the State of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} On November 27, 2011, Miller was charged with violating R.C. 4511.19(A)(1)(a), operating a vehicle under the influence of alcohol. Subsequently she filed a motion to suppress arguing, among other things, that there was no reasonable and articulable suspicion to stop and detain her. On March 26, 2012, an oral hearing was held on Miller's motion to suppress. At that hearing, the following testimony was presented.

{¶3} On November 27, 2011, Officer David Thompson and Officer Marla Morehouse of the Lancaster Police Department were investigating a report of an open door at an address in Fairfield County, Ohio. While crossing the street, Officer Thompson heard the revving of the engine of Miller's vehicle that was one block away stopped at a traffic signal. Officer Thompson testified he heard the revving of the engine for approximately 2 seconds. Officer Thompson was standing in the roadway as Miller's vehicle approach him. Officer Thompson visually estimated the speed of the vehicle to be greater than the posted speed limit of 25 miles per hour. Officer Thompson used his flashlight to signal Miller to stop her vehicle. Miller stopped pursuant to the officer's directives and informed the officer that she did not have a license. Officer Thompson then instructed Miller to pull to the side of the road. Officer Thompson proceeded to cross

the street to conclude the open door investigation. Officer Morehouse began interacting with Miller. Miller was thereafter arrested for OVI and operating with a suspended license.

{¶4} On March 29, 2012, the Court filed a Journal Entry overruling Miller's motion to suppress because Miller's revving the engine of her stick shift vehicle while stopped at an intersection allowed Officer Thompson to pull Miller's vehicle over to conduct an investigatory stop.

{¶5} On May 10, 2012, Miller changed her plea from "not guilty to "no contest" to the OVI charge and was sentenced by the trial court to a jail sentence of 30 days, a fine of $600.00 and court costs. The court further suspended Miller's driver's license for two years, and to serve two years probation.

### ASSIGNMENT OF ERROR

{¶6} Miller raises one assignment of error,

{¶7} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS."

### ANALYSIS

{¶8} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2000-Ohio-5372 797 N.E.2d 71, ¶8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308, 314, 652 N.E.2d 988(1995); *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583(1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra*. However, once an

appellate court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, also, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas, supra*. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

{¶9} In the case at bar, Miller challenges only the stop of her motor vehicle. The Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable and articulable suspicion. *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4358, 894 N.E.2d 1204, ¶23. Further, neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist. *See, City of Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091(1996); *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89(1996).

{¶10} We perceive of no reason why revving the engine of a stick shift vehicle while alone at a stop light is "suspicious activity" sufficient to justify the investigative stop of the vehicle. The state points to no law that was violated by that activity. The record contains only the officers unaided visual estimates of speed in slight excess of the

speed limit as an additional factor, which taken together with the engine revving the state argues justified further investigation.

{¶11} The officers are statutorily prohibited from arresting or even charging a driver for a speeding violation based upon the officer's "unaided visual estimation of the speed of the motor vehicle." R.C. 4511.091(C)(1). R.C. 4511.091(C) provides in pertinent part:

> No person shall be arrested, charged, or convicted of a violation of any provisions of divisions (B) to (O) of Section 4511.21 or Section 4511.211 of the Revised Code or a substantially similar municipal ordinance based on a peace officer's unaided visual estimation of the speed of a motor vehicle, trackless trolley, or streetcar.

{¶12} Thus, the notion that officers may use unaided visual estimates of speed for arrest, charging, and conviction have been superseded and overruled by legislation. Allowing an officer to *stop* a vehicle on their subjective impressions that a vehicle is traveling in slight excess of the legal speed limit may permit officers to do just what the legislature had abolished. In other words, permitting an investigative stop when the officer cannot arrest or charge based upon his unaided visual estimate of speed in slight excess of the speed limit effectively eliminates any protection against profiling and arbitrary detentions.

{¶13} Further, that the legislature did not intend to permit investigatory stops of a vehicle on an officer's subjective impressions that a vehicle is traveling in slight excess of the legal speed limit can be found within  the specific exception in R.C. 4511.091(C)(1)(c),

(C)(1) * * * This division does not do any of the following:

(c) Preclude a peace officer from testifying that the speed of operation of a motor vehicle, trackless trolley, or streetcar was at a speed greater or less than a speed described in division (A) of section 4511.21 of the Revised Code[1], the admission into evidence of such testimony, or preclude a conviction of a violation of that division based in whole or in part on such testimony.

{¶14} Accordingly, the legislature has expressly allowed for officers to testify, and for drivers to be convicted upon, unaided visual estimates of speed within a school zone. Had the legislature intended to permit investigatory stops outside the parameters of a school zone, they clearly would have allowed for the exception.

{¶15} Thus, under the facts in the case at bar, the officers intruded upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches. *Terry*, 392 U.S. at 22, 88 S.Ct. 1868, 20 L.Ed.2d 889. "And simple 'good faith on the part of the arresting officer is not enough.' * * * If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers and effects,' only in the discretion of the police.'" *Beck v. Ohio,* [379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142(1964] at 97, 85 S.Ct. at 229." *Terry* at 22.

{¶16} Miller's sole assignment of error is sustained.

---

[1] Speed limits; school zones; modifications.

**{¶17}** The judgment of the Fairfield County Municipal Court is reversed and this matter is remanded for proceedings in accordance with our opinion and the law.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN

WSG:clw 1130

[Cite as *State v. Miller*, 2012-Ohio-6147.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
              Plaintiff-Appellee       :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
ANITA JO MILLER                        :
                                       :
                                       :
              Defendant-Appellant      :        CASE NO. 2012-CA-25


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Fairfield County Municipal Court is reversed and this matter is remanded for

proceedings in accordance with our opinion and the law.  Costs to appellee.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. PATRICIA A. DELANEY


                                        _____
                                        HON. WILLIAM B. HOFFMAN