[Cite as *State v. Burchett*, 2023-Ohio-1333.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22 CAC 10 0067 |
| HALEY BURCHETT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Municipal Court,
Case No.  22 TRC 01549


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 24, 2023


APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

ALICIA J. HARRIS                                   RICHARD A. L. PIATT
CITY PROSECUTOR                                    713 South Front Street
70 North Union Street                              Columbus, Ohio  43206
Delaware, Ohio  43015

*Wise, P. J.*

**{¶1}** Appellant Haley Burchett appeals her conviction and sentence entered in the Delaware Municipal Court. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On March 6, 2022, Appellant was charged with Operating a Vehicle while Under the Influence of Alcohol in violation of R.C. §4511.19(A)(1)(d) and a Marked Lanes violation, in violation of R.C. §4511.33.

**{¶3}** On March 11, 2022, Appellant entered a plea of not guilty.

**{¶4}** On April 7, 2022, Appellant filed a Motion to Suppress, arguing there was no reasonable suspicion that Appellant was under the influence of drugs and/or alcohol, and that the trooper unlawfully expanded the initial stop to include field sobriety tests. Appellant also argues the field sobriety tests were not conducted properly, and therefore, Appellant's arrest lacked probable cause.

**{¶5}** On May 16, 2022, the trial court held a hearing on Appellant's Motion to Suppress.

**{¶6}** At the hearing, Trooper Church testified he observed Appellant stopped at a red light beyond the bar. Once the light turned green, Appellant's vehicle traveled left of the center line, Appellant overcorrected traveling outside of her lane into the right lane.

**{¶7}** Upon stopping Appellant's vehicle, Trooper Church noted Appellant was alone in the vehicle and smelled a strong odor of alcohol coming from inside the vehicle. Appellant had bloodshot, glassy eyes and admitted that she consumed alcohol prior to

driving. Trooper Church observed Appellant fumble with a stack of cards while retrieving her identification. The entire interaction was recorded on Trooper Church's body camera.

{¶8} Trooper Church asked Appellant out of the vehicle. Trooper Church performed HGN test where Appellant demonstrated six out of six clues of impairment. After HGN, Trooper Church administered the Walk and Turn test, where Appellant exhibited three out of eight clues of impairment. Appellant then performed the One-Legged Stand test, where Trooper Church observed two out of four clues of impairment.

{¶9} The trial court found Trooper Church had reasonable suspicion to detain Appellant for field sobriety testing, that Trooper Church had substantially complied with the National Highway Traffic Safety Administration's standards for the HGN Test, Walk and Turn Test, and One-Legged Stand Test. The trial court found, based upon evidence and captured video, Trooper Church had probable cause to arrest Appellant for Operation of a Vehicle while Under the Influence of Alcohol.

{¶10} On September 12, 2022, Appellant changed her plea to no contest

{¶11} The trial court found Appellant guilty on both counts.

### ASSIGNMENTS OF ERROR

{¶12} Appellant filed a timely notice of appeal. She herein raises the following two Assignments of Error:

{¶13} "I. THE TRIAL COURT ERRED IN FINDING THERE WAS REASONABLE SUSPICION TO EXPAND APPELLANT'S STOP TO PERFORM FIELD SOBRIETY TESTS.

**{¶14}** "II. THE TRIAL COURT FINDINGS OF FACT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND CONTRADICTORY TO THE TROOPER'S TESTIMONY."

**I., II,**

**{¶15}** In her first and second Assignments of Error, Appellant argues the trial court's finding of facts were against the manifest weight of the evidence, and that the trial court erred in failing to suppress evidence as Trooper Church did not have reasonable suspicion to extend the traffic stop to perform field sobriety tests. We disagree.

### a. Standard of Review

**{¶16}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews*, 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991).

**{¶17}** Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142,145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently

determine as a matter of law, without deference to the trial court's conclusions, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

**{¶18}** Three methods exist to challenge a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of facts. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *See State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d1141 (4th Dist.1991). "A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, an appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted). *Curry* at 96.

### b. Manifest Weight of the Evidence

**{¶19}** For Appellant's manifest weight of the evidence argument, she cites no statutory, case law, rules of evidence, or learned treatise from this or any other

jurisdiction to support her argument. Accordingly, Appellant's brief does not comply with App.R. 16(A)(7), which provides,

> The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶20}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, at ¶14, quoting *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368, at ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, at ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist. 1996). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, 4th Gallia No. 07CA4, 2008-Ohio-2194, at ¶12. *See, also*, App.R. 16(A)(7); App.R. 12(A)(2); *Albright v. Albright*, 4th Dist. Lawrence No. 06CA35, 2007-Ohio-3709, at ¶16; *Tally v. Patrick,* 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, at ¶21-22; *Jarvis v. Stone*, 9th Dist. Summit No. 23904, 2008-Ohio-3313, at ¶23; *State v. Paulsen*, 4th Hocking Nos. 09CA15, 2010-Ohio-806, ¶6; *State v. Norman*, 5th

Guernsey No. 2010-CA-22, 2011-Ohio-596, ¶29; *State v. Untied*, 5th Dist. Muskingum

No. CT20060005, 2007 WL 1122731, ¶141.

**{¶21}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding

an assignment of error because of "the lack of briefing" on the assignment of error.

*Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393 (1988); *Abon, Ltd.*

*v. Transcontinental Ins. Co.*, 5th Dist. Richland No. 2004-CA-0029, 2005 WL 1414486,

¶100; *State v. Miller*, 5th Dist. Ashland No. 04-COA-003, 2004-Ohio-4636, ¶41. "Errors

not treated in the brief will be regarded as having been abandoned by the party who gave

them birth." *Uncapher v. Baltimore & Ohio Rd. Co.*, 127 Ohio St. 351, 356, 188 N.E. 553,

555 (1933).

**{¶22}** In the interest of justice, we will consider the argument.

**{¶23}** When reviewing a weight of the evidence argument, the appellate court

reviews the entire record, weighs the evidence and all reasonable inferences, considers

the credibility of witnesses and determines whether in resolving conflicts of evidence, the

jury clearly lost its way and created such a manifest miscarriage of justice that the

conviction must be reversed and a new trial ordered. *State v. Martin*, 20 Ohio App.3d

172, 175, 485 N.E.2d 717, 720-721 (1983). The granting of a new trial "should be

exercised only in the exceptional case in which the evidence weighs heavily against the

conviction." *Id*. "Because the trial court acts as the trier of fact in suppression hearings

and is in the best position to resolve factual issues and evaluate credibility of witnesses,

an appellate court must accept the trial court's findings of fact if they are supported by

competent, credible evidence." *State v. Shrewsbury*, 4th Dist. Ross No. 13CA3402, 2014-

Ohio-716, ¶11, citing *State v. Burnside*, 100 Ohio St.3d 152, 797 N.E.2d 71, 2003-Ohio-5372, ¶8.

**{¶24}** Appellant, who fails to cite any legal authority to support her argument, appears to make the contention that just because alternative reasons may exist for individual indicia of intoxication, those may not be considered as reasonable articulable suspicion. He states that there is more than one reason someone may fumble with their identification card, drinking earlier in the day is not dispositive of impairment, and that Trooper Church stated he was not clear on his testimony. A closer review of the record shows that Trooper Church stated he was clearer at the time of writing the report than on the stand, not that he was unsure about his testimony. Also, we would note it is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that defendant's conduct has satisfied the elements of the offense. *State v. Willis*, 5th Dist. Licking No. 14 CA 103, 2015-Ohio-3739, ¶25 citing *Westlake v. Kaplysh*, 118 Ohio App.3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997). Therefore, just because there could be multiple explanations of indicia of intoxication does not mean those indicia could not be the basis for reasonable articulable suspicion of operating a vehicle while intoxicated.

**{¶25}** Accordingly, our review of the entire record fails to persuade us that the trial court lost its way and created a manifest miscarriage of justice. The trial court's findings of fact were not against the manifest weight of the evidence.

### c. Extension of the Traffic Stop

**{¶26}** A request made of a validly detained motorist to perform field sobriety tests is generally outside the scope of the original stop and must be separately justified by

other specific and articulable facts showing a reasonable basis for the request. *State v. Albaugh*, 5th Dist. Tuscarawas No. 2014 AP 11 0049, 2015-Ohio-3536, ¶18, quoting *State v. Anez* (2000), 108 Ohio Misc.2d 18, 26-27, 738 N.E.2d 491. Although requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment, courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test. *See State v. Bright*, 5th Dist. Guernsey No. 2009-CA-28, 2010-Ohio-1111, ¶17, citing *State v. Knox* 2nd Dist. Greene No. 2005-CA-74, 2006-Ohio-3039. In reviewing this issue, we apply a "totality of the circumstances" approach. *See, e.g., City of Fairfield v. Lucking*, Butler App. No. CA2002-12-303, 2004-Ohio-90, ¶8, citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044. "Where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists." *State v. Hall*, 5th Dist. Stark No. 2015 CA 00213, 2016-Ohio-5787, 70 N.E.3d 1154, ¶24 citing *State v. Smith*, 5th Dist. Licking No. 09-CA-42, 2010-Ohio-1232.

**{¶27}** The case *sub judice* fact pattern is similar to what was held in *Smith*. Trooper Church had sufficient basis for which to stop Appellant's vehicle based on traffic violations. Upon approaching Appellant's vehicle, Trooper Church smelled a strong odor of alcohol from the vehicle. Appellant's eyes were watery and bloodshot. Appellant admitted to drinking alcohol earlier that day and fumbled trying to find identification.

**{¶28}** Appellant argues Trooper Church should have determined when the alcohol was consumed and how much was consumed and that Appellant's ability to exit vehicle

is proof that she was not intoxicated. However, we find this argument unpersuasive. Again, when "the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists." *Id*. Therefore, we find, based upon a totality of the circumstances, Trooper Church had sufficient indicia of intoxication to establish reasonable suspicion to request Appellant to submit to field sobriety testing.

**{¶29}** Appellant's first and second Assignments of Error are overruled.

**{¶30}** For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/br  0420