[Cite as *State v. Ellis*, 2026-Ohio-413.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0082 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0253 |
| BRENT E. ELLIS, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 6, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** RON WELCH, Prosecuting Attorney, JOE A. PALMER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Brent E. Ellis, appeals the trial court's denial of his motion to suppress. The appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

{¶2}   On April 3, 2025, the appellant was indicted on the following:

- Count 1: Aggravated Trafficking in Drugs, in violation of R.C. 2925.03(A)(2) with accompanying firearm and forfeiture of property specifications in violation of R.C. 2941.141(A) and R.C. 2941.1417(A);

- Count 2: Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) with accompanying firearm and forfeiture of property specifications in violation of R.C. 2941.141(A) and R.C. 2941.1417(A);

- Count 3: Trafficking in a Fentanyl-Related Compound, in violation of R.C. 2925.03(A)(2) with accompanying firearm and forfeiture of property specifications in violation of R.C. 2941.141(A) and R.C. 2941.1417(A);

- Count 4: Possession of a Fentanyl-Related Compound, in violation of R.C. 2925.11(A) with accompanying firearm and forfeiture of property specifications in violation of R.C. 2941.141(A) and R.C. 2941.1417(A);

- Count 5: Carrying a Concealed Weapon, in violation of R.C. 2923.12(A)(2) with an accompanying forfeiture of property specification in violation of R.C. 2941.1417(A);

- Count 6: Improperly Handling Firearms in a Motor Vehicle, in violation of R.C. 2923.16(B) with an accompanying forfeiture of property specification in violation of R.C. 2941.1417(A);

- Count 7: Improperly Handling Firearms in a Motor Vehicle, in violation of R.C. 2923.16(B) with an accompanying forfeiture of property specification in violation of R.C. 2941.1417(A);

- Count 8: Improperly Handling Firearms in a Motor Vehicle, in violation of R.C. 2923.16(B) with an accompanying forfeiture of property specification in violation of R.C. 2941.1417(A);

- Count 9: Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(4) with an accompanying forfeiture of property specification in violation of R.C. 2941.1417(A);

- Count 10: Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(4) with an accompanying forfeiture of property specification in violation of R.C. 2941.1417(A);

- Count 11: Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(4) with an accompanying forfeiture of property specification in violation of R.C. 2941.1417(A);

- Count 12: Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(4) with an accompanying forfeiture of property specification in violation of R.C. 2941.1417(A).

{¶3} On May 28, 2025, the appellant filed a motion to suppress.

{¶4} On July 7, 2025, the trial court held a suppression hearing.

{¶5} At the hearing, Patrolman Blanton testified that he was observing the residence of an individual who had recently been released from prison for drug trafficking. Law enforcement had received complaints of drug activity at the address. Blanton observed the appellant's vehicle at the residence and watched it leave. The appellant was pulled over for traveling thirty-five miles per hour in a twenty-five mile-per-hour zone. Blanton initiated contact with the appellant and inquired about his speeding. During this conversation, Blanton noticed a butane torch on the center console and cellophane plastic bags on the floor. Blanton testified that, on drug stops, officers often encounter these items together.

**{¶6}** Blanton then asked where the appellant was coming from. The appellant responded with a location in Zanesville that did not exist. The appellant also told Blanton that he did not have any weapons or drugs in the vehicle.

**{¶7}** Blanton returned to his vehicle to write the appellant a warning. During this time, Patrolman Hardesty and his K-9 partner, who is trained to alert to marijuana, arrived on scene and completed a sniff of the vehicle's exterior. The K-9 alerted at the front door.

**{¶8}** On cross-examination, when asked whether he had any basis to do anything other than issue a ticket, Blanton testified that the appellant could be arrested for providing false statements based upon his answer about where he was coming from, but the appellant was not placed under arrest at that time.

**{¶9}** The appellant was told to step out of the vehicle. Another patrolman asked whether he had any weapons on him; the appellant indicated he did not. When the patrolman began patting the appellant down, Blanton observed a pistol inside his left pocket. The appellant then admitted there were more weapons in the vehicle, including one in a black bag. Blanton returned to the vehicle, opened the bag, and discovered another firearm, marijuana, and a large shard of methamphetamine.

**{¶10}** Next, Patrolman Hardesty testified that his K-9 partner is Danforth. Danforth is trained to detect marijuana, crack cocaine, methamphetamines, and heroin.

**{¶11}** Before beginning Danforth's K-9 sniff, Patrolman Hardesty asked the appellant whether he had any marijuana in the vehicle. The appellant said he did not. Danforth alerted on the vehicle.

**{¶12}** Patrolman Hardesty also testified that, the pistol he removed from the appellant's jacket had a round in the chamber.

**{¶13}** The trial court denied the appellant's motion to suppress, finding that "there was probable cause, even without the use of the dog at all[.]"

**{¶14}** Pursuant to a plea agreement, the appellant entered a plea of no contest to Counts 1 and 3.

**{¶15}** The appellant filed a timely notice of appeal and herein raises the following two assignments of error:

**{¶16}** "I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS BECAUSE THE CANINE SNIFF WAS UNRELIABLE AND COULD NOT ESTABLISH PROBABLE CAUSE WHERE THE K-9 WAS TRAINED TO DETECT MARIJUANA, WHICH IS NOW LEGAL IN OHIO."

**{¶17}** "II. THE TRIAL COURT ERRED IN FINDING THAT THE CANINE ALERT PROVIDED PROBABLE CAUSE TO SEARCH THE VEHICLE WHEN THE STATE FAILED TO ESTABLISH THE RELIABILITY AND EVIDENTIARY VALUE OF THE K-9 SNIFF."

**I.**

**{¶18}** In his first assignment of error, the appellant argues the trial court erred in denying his motion to suppress. We disagree.

**STANDARD OF REVIEW**

**{¶19}** An appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 1996-Ohio-134. A reviewing court is bound to accept the trial

court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine, as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37 (4th Dist.1993), *overruled on other grounds*.

{¶20} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See *State v. Fanning*, 1 Ohio St.3d 19 (1982); *State v. Klein*, 73 Ohio App.3d 486 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See *Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate issue or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96 (8th Dist.1994).

{¶21} The appellant is not challenging the trial court's findings of fact but whether the trial court decided the ultimate issue correctly. We, therefore, must determine whether the facts satisfy the applicable standard.

## ANALYSIS

**{¶22}** The issue in this case is whether probable cause existed to support the search. In determining whether probable cause exists, the proper test is the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place. *Id.*; *State v. Kadri*, 2017-Ohio-604, ¶24 (5th Dist.).

**{¶23}** The appellant argues specifically that the officers lacked probable cause because the K-9 sniff was unreliable since the dog was trained to alert to marijuana. We disagree.

**{¶24}** Although the appellant argues that a K-9 trained to alert to marijuana cannot be the sole basis to establish probable cause to search the vehicle, those simply are not the facts of this case. As we must consider the totality of the circumstances, we decline to address this one fact in isolation.

**{¶25}** As noted above, we look at the totality of the circumstances leading to the search to determine whether or not an officer had probable cause. *Gates* at 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Here, law enforcement observed the appellant leave an address known to police for drug activity. The appellant was stopped for exceeding the speed limit. Blanton observed a butane torch on the center console and cellophane baggies on the floor of the vehicle. When asked where he was coming from, the appellant lied to law enforcement. At that moment, he was subject to arrest for falsification. The appellant was asked whether he had any drugs or firearms in the vehicle; he said no. He

was also asked whether he had marijuana in the vehicle, he again answered no. A K-9 trained to alert to marijuana signaled an alert. The officers then ordered the appellant out of the vehicle, at which point they observed a firearm in his pocket; it contained a round in the chamber. The appellant then stated there was another firearm in a black bag in the front seat. In that same bag, officers recovered a firearm, marijuana, and a large shard of methamphetamine.

{¶26} Based on the testimony presented at the suppression hearing, we find that the totality of the circumstances established probable cause to believe that additional evidence of the appellant's drugs, firearm, or falsification offenses would be found in his vehicle.

{¶27} Accordingly, the appellant's first assignment of error is overruled.

**II.**

{¶28} In his second assignment of error, the appellant summarily argues that the trial court erred in finding that the K-9 alert provided probable cause to search the vehicle. We disagree.

{¶29} We note that the appellant misconstrues the record by treating the K-9 alert as the sole basis for the trial court's determination. It was not, as discussed above. Moreover, the trial court specifically found that, "there was probable cause, even without the use of the dog at all[.]"

{¶30} Further, the appellant cites no statutory, case law, rules of evidence, learned treatise, or other relevant legal authority from this or any other jurisdiction to support his argument. Accordingly, the appellant's brief does not comply with App.R. 16(A)(7), which provides:

The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶31}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 2009-Ohio-3299, ¶14 (4th Dist.). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 2009-Ohio-1211, ¶16 (9th Dist.). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Fry v. Holzer Clinic, Inc.*, 2008-Ohio-2194, ¶12 (4th Dist.). *See, also*, App.R. 16(A)(7); App.R. 12(A)(2).

**{¶32}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988). "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & O.R. Co.*, 127 Ohio St. 351, 356 (1933).

**{¶33}** The appellant has failed to fully brief this assignment of error by omitting citations to any applicable legal authority from this jurisdiction or any other. Therefore, we may disregard this assignment of error for failure to brief.

**{¶34}** Accordingly, the appellant's second assignment of error is overruled.

## CONCLUSION

{¶35} Based upon the foregoing, the judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

{¶36} Costs to the appellant.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.