DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jeffrey Catanzarite, appeals the judgment of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} Appellant, Jeffrey Catanzarite, and Appellee, William Boswell, live across the street from one another in Akron, Ohio. Catanzarite owns two Dachshunds and Boswell owns a Labrador Retriever. On August 24, 2006, Boswell was walking his own dog when the dog bit him on the finger, causing him to bleed. As he was returning home to attend to his finger, Catanzarite's dogs ran out to the street, confronting the Labrador. The parties largely dispute the remaining facts at issue. Catanzarite contends that he came out to bring his dogs into the house and as he was kneeling on the ground to secure them, Boswell approached him, threatening to kill his dogs. Catanzarite contends that Boswell then kicked and punched him in the head and *Page 2 
kicked him in the ribs. Boswell claims that the parties only engaged in a verbal altercation over the dogs.
 {¶ 3} The parties agree that Boswell's blood ended up on Catanzarite's golf shirt. Boswell asserts that the blood was transferred when he was waiving his finger at Catanzarite during their shouting match. Catanzarite contends that the blood was transferred when Boswell assaulted him. Catanzarite called the police, complaining that he had been assaulted by Boswell. Approximately an hour after the incident occurred, the police arrived to investigate Catanzarite's report. In the incident report the responding officer prepared, he noted that the victim, Catanzarite, "had a very strong odor of an alcoholic beverage emitting from him". The police investigated the matter and declined to press charges.
 {¶ 4} On November 22, 2006, Catanzarite filed a complaint against Boswell in the Summit County Court of Common Pleas, alleging assault and seeking property damage for the blood on his shirt. The case proceeded to a hearing before a magistrate. Two City of Akron Police officers, Boswell, his wife, and Catanzarite, all testified at the hearing. The magistrate issued a decision on January 29, 2008, denying Catanzarite's assault claim. Catanzarite filed objections to the magistrate's decision. On April 7, 2008, the trial court affirmed and adopted the magistrate's decision. On July 11, 2008, the trial court issued a judgment entry, denying all of Catanzarite's claims. Catanzarite timely appealed from the trial court's order, He has raised two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S DECISION WHERE THE MAGISTRATE DEMONSTRATED BIAS AND PREJUDICE, AND REFERRED TO EVIDENCE OUTSIDE THE RECORD." *Page 3 
 {¶ 5} In his first assignment of error, Catanzarite argues that the trial court erred and abused its discretion in adopting the magistrate's decision where the magistrate demonstrated bias and prejudice and referred to evidence outside the record.
 {¶ 6} In this appeal, Catanzarite is challenging the trial court's adoption of the magistrate's decision with regard to the magistrate's factual determinations. Such a decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.Kalail v. Dave Walter, Inc., 9th Dist. No. 22817, 2006-Ohio-157, at ¶ 5, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion is more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} Catanzarite argues that the magistrate exhibited bias and prejudice in violation of Canon 3(B)(5) of the Code of Judicial Conduct in ruling on this matter. Canon 3(B)(5) of the Code of Judicial Conduct states that "[a] judge shall perform judicial duties without bias or prejudice."
 {¶ 8} In Conti v. Spitzer Auto World Amherst, Inc., 9th Dist. No. 07CA009121, 2008-Ohio-1320, at ¶ 24, this Court explained that
 "an appellate court has no jurisdiction to vacate the trial court's judgment on a claim of judicial bias. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442 (holding that because only the Chief Justice or his designee may hear disqualification matters, the court of appeals is without authority to pass upon disqualification or to render void the judgment of the trial court on the basis of judicial bias)".
 {¶ 9} As we cannot vacate the trial court's judgment on the basis of judicial bias, we cannot address Catanzarite's claims that the magistrate demonstrated bias and prejudice. *Page 4 
 {¶ 10} In support of his claim that the magistrate referred to evidence outside of the record, Catanzarite points to the magistrate's finding that "[t]here had been other problems in the past when the police were called to [Catanzarite's] home because of alcohol-related incidents. These were unable to be successfully contradicted by [Catanzarite]." Catanzarite contends that there was no evidence introduced to support this finding.
 {¶ 11} Upon review of the record, we find that the magistrate improperly based the latter finding on a statement Boswell made in his answer to the complaint. No one testified at trial regarding previous incidents in which the police were called to Catanzarite's house because of alcohol-related altercations. However, we do not agree with Catanzarite that this constitutes reversible error. Consideration of evidence outside the record is inappropriate and can constitute reversible error. Boling v. Valecko (Feb. 6, 2002), 9th Dist. No. 20464, at *6. But, where the record contains ample evidence to uphold the trial court's decision, the consideration of evidence outside the record is not necessarily prejudicial. Keith v. Keith (June 17, 1988), 11th Dist. No. 1844, at *1.
 {¶ 12} In this case, Boswell's testimony was consistent with the testimony of the two officers regarding the lack of apparent injury to Catanzarite as well as Catanzarite's intoxicated state. In contrast, Catanzarite's testimony contradicted the officers' testimony concerning his injuries and apparent intoxication. Catanzarite contended that he had consumed no more than two beers approximately three hours before the altercation. One of the officers and Boswell testified that Catanzarite smelled of alcohol. Further, Catanzarite testified that he suffered extensive injuries during the altercation, some of which would have been visible to an observer. The officer testified that when he arrived approximately an hour after the altercation, Catanzarite had no visible injuries. *Page 5 
 {¶ 13} Catanzarite's own testimony, as well as that of the Boswells', indicated his propensity to respond aggressively to conflicts. Catanzarite admitted that after the altercation, he called Boswell and invited him to settle their dispute by fighting in the park. He also testified that he placed signs in the windows of his house that stated that Boswell was "a liar and that he's a coward, which he is." Catanzarite also testified that he placed signs in his front yard stating the same things as well as one sign that stated, "Bill, let us fight."
 {¶ 14} Accordingly, there was evidence in the record sufficient to support the decision of the trial court that Catanzarite failed to meet his burden on his intentional tort claim. Therefore, although we agree that the trial court erred in considering evidence outside the record, this error was not prejudicial. We find no abuse of discretion in the trial court's adoption of the magistrate's decision. Accordingly, Catanzarite's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE DENIAL OF [CATANZARITE'S] CLAIM FOR PROPERTY DAMAGES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} In his second assignment of error, Catanzarite argues that the denial of his claim for property damages was against the manifest weight of the evidence.
 {¶ 16} Catanzarite has failed to support his civil manifest weight of the evidence argument with any citations to the record or to case law. "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See, also, App .R. 16(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal."Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. *Page 6 
 {¶ 17} This Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App. R. 12(A)(2). See, also, Smith v. Akron Dept. of PublicHealth, 9th Dist. No. 21103, 2003-Ohio-93, at ¶ 12. An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support. Angle v. Western ReserveMut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v.Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App. R. 16(A)(7) and Loc. R. 7(A)(6). As Catanzarite's argument fails to comply with the foregoing appellate and local rule requirements, we decline to address his second assignment of error.
 {¶ 18} Catanzarite's second assignment of error is overruled.
 III. {¶ 19} Catanzarite's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 7 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
WHITMORE, J. CONCURS