[Cite as *State v. Rush*, 2025-Ohio-4760.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0036 |
|    Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0150 |
| CHIQUITA L. RUSH, | Judgment:   Affirmed |
|    Defendant – Appellant | Date of Judgment Entry: October 15, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Kevin W. Popham, Judges

**APPEARANCES:** RON WELCH, Prosecuting Attorney, JOSEPH A. PALMER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1} The appellant, Chiquita L. Rush, appeals the trial court's denial of her motion to suppress. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2} On February 28, 2024, Muskingum County Grand Jury indicted the appellant as follows:

- Count One: Trafficking in a Fentanyl-Related Compound in violation of R.C. 2925.03(A)(2) with an accompanying Firearm Specification in violation of R.C. 2941.141(A), a Major Drug Offender Specification in violation of R.C.

2941.1410(A), and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Two: Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A) with an accompanying Firearm Specification in violation of R.C. 2941.141(A), a Major Drug Offender Specification in violation of R.C. 2941.1410(A), and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Three: Trafficking in Cocaine in violation of R.C. 2925.03(A)(2) with an accompanying Firearm Specification in violation of R.C. 2941.141(A), a Major Drug Offender Specification in violation of R.C. 2941.1410(A), and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Four: Possession of Cocaine in violation of R.C. 2925.11(A) with an accompanying Firearm Specification in violation of R.C. 2941.141(A), a Major Drug Offender Specification in violation of R.C. 2941.1410(A), and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Five: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2) with an accompanying Firearm Specification in violation of R.C. 2941.141(A), a Major Drug Offender Specification in violation of R.C. 2941.1410(A), and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Six: Aggravated Possession of Drugs in violation of R.C. 2925.11(A) with an accompanying Firearm Specification in violation of R.C. 2941.141(A), a Major Drug Offender Specification in violation of R.C.

2941.1410(A), and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Seven: Trafficking in Marihuana in violation of R.C. 2925.03(A)(2) with an accompanying Firearm Specification in violation of R.C. 2941.141(A) and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Eight: Possession of Marihuana in violation of R.C. 2925.11(A) with an accompanying Firearm Specification in violation of R.C. 2941.141(A) and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Nine: Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2) with an accompanying Firearm Specification in violation of R.C. 2941.141(A) and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Ten: Aggravated Possession of Drugs in violation of R.C. 2925.11(A) with an accompanying Firearm Specification in violation of R.C. 2941.141(A) and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Eleven: Having Weapons While Under Disability in violation of R.C. 2923.13(A)(3) with a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Twelve: Having Weapons While Under Disability in violation of R.C. 2923.13(A)(3) with a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Thirteen: Having Weapons While Under Disability in violation of R.C. 2923.13(A)(3) with a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

- Count Fourteen: Illegal Manufacture of Drugs in violation of R.C. 2925.04(A) with an accompanying Firearm Specification in violation of R.C. 2941.141(A) and a Specification for Forfeiture of Property in violation of R.C. 2941.1417(A);

{¶3} On August 7, 2024, the appellant filed a motion to suppress.

{¶4} On January 6, 2025, the trial court held a hearing on the appellant's motion to suppress.

{¶5} At the suppression hearing, the appellant and her co-defendant raised objections to the reliability of the State's confidential informant ("CI") whose information formed the basis for the search warrant. The trial court limited the inquiry to law enforcement's knowledge of the CI's reliability at the time the affidavit was prepared and overruled the appellant's objections seeking to expand the scope.

{¶6} Detective Ryan Paisley testified that he has been working with the drug unit in the Muskingum County Sheriff's Office for five years. Detective Paisley prepared the affidavit for the search warrant and executed the warrant related to the investigation of the appellant and her co-defendant. To establish probable cause, the detective used a CI

to conduct three controlled buys from the residence subject to the warrant. Law enforcement outfitted the appellant with audio and video surveillance equipment.

{¶7} At the time Detective Paisley drafted the warrant application, he had no reason to doubt the CI's reliability. After the warrant was issued, the detective learned that the CI had previously failed to return buy money after a controlled buy, and was later indicted for stealing from the drug task force. The CI also had over forty criminal and traffic charges including a felony conviction for a drug-related offense involving a firearm. The detective did not include this information in his affidavit because he was unaware of it when the affidavit was submitted.

{¶8} The Detective further testified that in all prior instances which he used this CI, video and audio surveillance corroborated the CI's statements.

{¶9} On January 6, 2025, the trial court overruled the appellant's motion to suppress.

{¶10} On January 13, 2025, the appellant entered into a plea agreement, pleading no contest to one count of Trafficking in a Fentanyl-related Compound in violation of R.C. 2925.03(A)(2) with an accompanying forfeiture specification in violation of R.C. 2941.1417(A) and one count of Having Weapons While Under Disability in violation of R.C. 2923.13(A)(3) with an accompanying forfeiture specification in violation of R.C. 2941.1417.

{¶11} The appellant filed a timely notice of appeal and raised the following assignment of error:

{¶12} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS EVIDENCE OBTAINED FROM A SEARCH WARRANT BASED ON AN

AFFIDAVIT CONTAINING MATERIAL OMISSIONS REGARDING THE CONFIDENTIAL INFORMANT'S RELIABILITY."

**I.**

{¶13} In the appellant's sole assignment of error, the appellant argues the trial court erred in denying the appellant's motion to suppress evidence obtained from a search warrant because law enforcement omitted information from the search warrant affidavit and by sustaining objections to defense questions limiting testimony to what law enforcement knew at the time they prepared the affidavit. We disagree.

### (a) Sufficiency of warrant affidavit

**STANDARD OF REVIEW**

{¶14} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact, and is in the best position to resolve questions of fact and to evaluate witness credibility. *Id*. See, also, *State v. Dunlap*, 73 Ohio St.3d 308, 314 (1995), quoting *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent credible evidence exists to support those findings. See, *Burnside*, supra; and *State v. Hill*, 2024-Ohio-522, ¶16 (5th Dist.).

{¶15} However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside*, supra; and, *Hill*, supra. "That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas*, supra.

Moreover, due weight should be given 'to inferences drawn from those facts by resident judges and local law enforcement officers.' " *Hill*, supra.

## ANALYSIS

**{¶16}** As she did in her motion to suppress before the trial court, Rush argues the affidavit supporting the search warrant contained material omissions, which were made with reckless disregard for the truth.

**{¶17}** A search warrant and its supporting affidavits are presumed valid. *State v. McDaniel*, 2015-Ohio-1007, ¶27 (5th Dist.) citing *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). " 'To successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement, either "intentionally, or with reckless disregard for the truth." ' " *State v. McKnight*, 2005-Ohio-6046, ¶31, quoting *State v. Waddy*, 63 Ohio St.3d 424, 441 (1992), quoting *Franks* at 155-156. "Reckless disregard means that the affiant had serious doubts of an allegation's truth. Omissions count as false statements if designed to mislead, or * * * made in reckless disregard of whether they would mislead, the magistrate." *Waddy* at 441.

**{¶18}** Detective Paisley acknowledged omitting the CI's criminal history from the affidavit because he was unaware of that history at the time he submitted it. The appellant argues that because Detective Paisley spoke with the prosecutor's office prior to using the CI, then he should have known about the criminal history. However, during cross-examination, the appellant failed to explore the depth or subject matter of those conversations. Accordingly, the appellant has failed to establish by a preponderance of

the evidence that Detective Paisley omitted the CI's criminal history and propensity for dishonesty was done with a reckless disregard for the truth.

**(b)** **The trial court erred in issuing evidentiary rulings limited the defense's ability to establish a *Franks* violation.**

### ANALYSIS

**{¶19}** The appellant also summarily argues that the trial court erred by limiting the appellant's ability to establish a *Franks* violation. We disagree.

**{¶20}** The appellant has failed to provide citations to statute, case law, rules of evidence, or learned treatise from this or any other jurisdiction to support her argument. The appellant even fails to present a standard of review.

**{¶21}** App.R. 16 states, in pertinent part:

**Brief of the Appellant.** The appellant shall include in its brief, under the headings and in the order indicated all of the following:

* *

(7) an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶22}** App.R. 12(A)(2) states, "(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶23} An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157 (1988). "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & O.R. Co.* 127 Ohio St. 351 (1933). " 'It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.' " *State v. Romy*, 2021-Ohio-501, ¶36 (5th Dist.); quoting *Catanzarite v. Boswell*, 2009-Ohio-1211, ¶16 (9th Dist.).

{¶24} The appellant has failed to show support for the contention that the trial court erred by sustaining the State's objections. "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Romy* at ¶35. Therefore, we may disregard this issue since she failed to support her argument with any competent legal authority.

{¶25} Accordingly, the appellant's first assignment of error is overruled.

## CONCLUSION

**{¶26}** Based upon the foregoing, the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

**{¶27}** Costs to the appellant.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.