[Cite as *Dunson v. Adam Lee Auto Body*, 2026-Ohio-322.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID DUNSON, | Case No. 2025CA00105 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Canton Municipal Court, Case No. 2025CVI2452 |
| ADAM LEE AUTO BODY, | Judgment:   Affirmed |
| Defendant – Appellee | Date of Judgment Entry: February 2, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** DAVID DUNSON, Pro Se, for Plaintiff-Appellant; NO APPEARANCE, for Defendant-Appellee.

*Baldwin, P.J.*

{¶1}   The appellant, David Dunson, appeals the June 24, 2025, Judgment Entry from the Canton Municipal Court. The appellee is Adam Lee Auto Body.

**I., II.**

{¶2}   Before reaching the merits of this appeal, we first address the appellant's brief. The appellant has filed a one-page brief only summarily listing two assignments of error:

{¶3}   "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE, BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED REGARDING WHETHER APPELLEE PERFORMED THE CONTRACTED PAINTING AND BODY WORK ON APPELLANT'S 1971 PONTIAC GRAND PRIX."

**{¶4}** "II. THE TRIAL COURT ERRED BY FAILING TO CONSIDER ADDITIONAL VIDEO AND TEXT MESSAGE EVIDENCE OFFERED BY APPELLANT, WHICH DEMONSTRATED MATERIAL FACTUAL DISPUTES REGARDING THE QUALITY AND COMPLETION OF THE CONTRACTED WORK."

**{¶5}** The appellant has not provided any facts with appropriate references to the record, reasons in support of his contentions, citations to authorities, statutes, and parts of the record on which the appellant relies.

**{¶6}** App.R. 16 states, in pertinent part:

**Brief of the Appellant.** The appellant shall include in its brief, under the headings and in the order indicated all of the following:

* *

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶7}** App.R. 12(A)(2) states, "(2) The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

**{¶8}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157 (1988). "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & O.R. Co.*, 127 Ohio St. 351 (1933). " 'It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.' " *State v. Romy*, 2021-Ohio-501, ¶36 (5th Dist.); quoting *Catanzarite v. Boswell*, 2009-Ohio-1211, ¶16 (9th Dist.).

**{¶9}** The appellant has failed to brief the assignments of error in any meaningful way by omitting a statement of facts, citations to applicable law, and any argument. "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Romy* at ¶35. Therefore, we may disregard these assignments of error since he failed to provide a statement of relevant facts, citations to applicable law, and any argument in support of the alleged errors.

**{¶10}** Accordingly, the appellant's first and second assignments of error are overruled.

# CONCLUSION

{¶11} Based upon the foregoing, the judgment of the Canton Municipal Court, Stark County, Ohio is hereby affirmed.

{¶12} Costs to the appellant.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.